UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DENG DENG MAJOK AREJ,

    Petitioner,

    v.

BRIAN ENGLISH, et al.,

    Respondents.

CAUSE NO. 3:26cv713 DRL-SJF

OPINION AND ORDER

Immigration detainee Deng Deng Majok Arej, representing himself, filed a petition under 28 U.S.C. § 2241, alleging that he is unlawfully confined in violation of the laws or Constitution of the United States. According to the petition, Mr. Arej was born in South Sudan, which was then a part of Sudan. He entered the United States in 2005 as a refugee. On April 23, 2014, an immigration judge ordered him removed to South Sudan. He was placed on supervised release as he challenged his removal order before the Seventh Circuit Court of Appeals.

On March 28, 2017, the court of appeals remanded his case for further proceedings. *Arej v. Sessions*, 852 F.3d 665 (7th Cir. 2017).[1] Mr. Arej could not attend the removal hearing due to an arrest, so, on March 11, 2020, an immigration judge ordered him removed to South Sudan or, alternatively, Sudan *in absentia*. On March 3, 2026, United

---

[1] According to this opinion, "Once in the United States, Arej committed a series of assaults (one in a fight that resulted in a death, although he was not convicted of murder) and was sentenced to two years in prison." *Arej v. Sessions*, 852 F.3d 665, 666 (7th Cir. 2017).

States Immigration and Customs Enforcement (ICE) detained Mr. Arej following his release from prison. He is currently held at the Miami Correctional Facility.

Mr. Arej argues that he is entitled to habeas relief because there is no significant likelihood that the government will remove him in the reasonably foreseeable future. He alleges that the government was unable to remove him to South Sudan in 2014 during a prior period of immigration detention and that, in September 2015, South Sudan advised him that he would not receive travel documents. He also argues that he is entitled to habeas relief because the government did not provide him with the reasons for revoking his supervised release and did not provide him with an informal initial interview as required by federal regulations. For relief, he seeks his immediate release from custody.

The court has subject matter jurisdiction under 28 U.S.C. § 2241 to review the legality of petitioner's detention, but this jurisdiction does not extend to reviewing orders of removal issued by an immigration court or discretionary decisions of the Attorney General. *See Demore v. Kim*, 538 U.S. 510, 517 (2003); *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Though the court has jurisdiction to review the legality of Mr. Arej's detention under 8 U.S.C. § 1231(a), the court finds that the petition does not state a viable claim. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Significantly, § 1231(a)(1)(A) directs the government to remove noncitizens within a 90-day removal period that occurs after a removal order has been issued. Because the initial removal order from 2014 was vacated, no one could call that an operative removal

2

order. The only operative removal order is the one issued in March 2020. Because Mr. Arej was incarcerated at the time of the removal order, the removal period began to run when Mr. Arej was released from prison on March 3, 2026. 8 U.S.C. § 1231(a)(1)(B)(iii). Detention is mandatory during the removal period for certain classes of individuals, including those who have committed two or more unrelated crimes of moral turpitude. 8 U.S.C. §§ 1227(a)(2), § 1231(a)(2)(A). Mr. Arej does not detail his criminal history, but it is apparent from his prior appeal that he was convicted of a substantial crime before his earlier and now-vacated removal order in April 2014, and it is apparent from the petition that he was arrested at some time before entry of the March 2020 removal order and that that the associated conviction resulted in a substantial term of incarceration that persisted until March 2026.

Taken together, these circumstances establish that Mr. Arej remains within the 90-day removal period, quite aside from strongly suggesting that his detention is mandatory. Though the 90-day removal period will soon expire, detention is presumptively reasonable for a total six-month period. *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). Further, Mr. Arej offers only limited support for his contention that his removal to South Sudan is not reasonably foreseeable and nothing to address whether his removal to Sudan is reasonably foreseeable. Though it appears that the court should dismiss this case pursuant to Rule 4 of the Rules Governing Section 2254 Cases, appreciating that Mr. Arej proceeds *pro se*, the court will grant him an opportunity to address the court's concerns regarding the validity of his claims through an amended petition, if he believes he can consistent with this opinion.

3

For these reasons, the court:

(1) GRANTS the motion for leave to proceed *in forma pauperis* (ECF 3);

(2) AFFORDS Deng Deng Majok Arej the opportunity to file an amended petition, consistent with this opinion, by **June 22, 2026**; and

(3) CAUTIONS Deng Deng Majok Arej that, if he does not respond by this deadline, the court will dismiss this case without further notice.

SO ORDERED.

May 29, 2026                                         *s/ Damon R. Leichty*
                                                     Judge, United States District Court